UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
----------------------------------------------------------X
BB ENERGY MANAGEMENT S.A.,          :
                                    :
                    Plaintiff,      :
                                    :         09 CV _____
        - against -                 :         ECF CASE
                                    :
AMSPEC SERVICES, LLC,               :
                                    :
                    Defendant.      :
----------------------------------------------------------X



## VERIFIED COMPLAINT

Plaintiff, BB ENERGY MANAGEMENT S.A. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, AMSPEC SERVICES, LLC, ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Greece and was the Charterer of the M/V GOTLAND SOFIA ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Houston, Texas.

4. On January 31, 2008 Plaintiff, as charterer, entered into an Asbatankvoy charter party with riders with MR Management K/S as disponent owner.

5. On or about February 12, 2008 the Vessel was berthed at KMI Galena Park Terminal of Houston for the loading of a full cargo of gasoil.

6. Upon berthing in Houston, the Plaintiff appointed Defendant as surveyor to inspect the Vessel's cargo tanks in order to load of a cargo of gasoil in spec and without contamination.

7. Upon information and belief, the Defendant failed to properly inspect the Vessel's cargo tanks by failing to take the necessary samples, failing to take sufficient and appropriate samples prior to loading, and failure to test the tank samples until only after the Vessel had sailed for Lebanon.

8. As a result of Defendant's improper inspection, Plaintiff failed to confirm the cargo was contaminated until after the Vessel had already crossed the Atlantic Ocean.

9. In order to mitigate damages, Plaintiff agreed with the purchaser to deviate the Vessel to Turkey, discharge the contaminated cargo, and load another gasoil cargo fully in spec at an additional price of $5.00 per m/t.

10. As a result of the Defendant's improper inspection, the Plaintiff has suffered losses in the total principal amount of **$183,830.14**, or 36,766.028 m/t at an additional $5 per m/t, exclusive of interest, arbitration costs and attorney's fees.

11. The terms of employment provide for the application of the law and litigation to be heard in the place where the services were provided which, in this case, would be Texas.

12. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $183,830.14 |
| B. | Estimated interest on claims:<br>3 years at 7.5%, compounded quarterly | $45,905.40 |
| C. | Estimated recoverable costs: | $5,000.00 |
| **Total** | | **$234,735.54** |

2

13. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District including but not limited to Glencore Ltd., which are believed to be due and owing to the Defendant.

14. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$234,735.54.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$234,735.54** belonging to, due or being transferred to, from, or for the

benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any arbitration award or judgment in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: April 2, 2009  
Southport, CT

The Plaintiff,  
BB ENERGY MANAGEMENT S.A.,

By: _____  
Jonathan W. Greene (27903)  
Thomas L. Tisdale (06793)  
TISDALE LAW OFFICES LLC  
10 Spruce Street  
Southport, CT 06890  
(203) 254-8474 – phone  
(203) 254-1641 – fax  
jgreene@tisdale-law.com  
ttisdale@tisdale-law.com

4

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  City of New York
County of Fairfield   )

1. My name is Jonathan W. Greene.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     April 2, 2009
           Southport, CT

_____
Jonathan W. Greene